[No. 5824.]

# THE PEOPLE v. ZACHARIAH T. BLANKENSHIP
## ET AL.

LIMITATION OF ACTIONS.—An action brought by the State to cancel a patent for land alleged to have been procured by fraud, must be brought within three years from the time the cause of action accrued; and the cause of action accrues at the time of the discovery of the fraud.

APPEAL from the District Court, Thirteenth Judicial District, County of Tulare.

The fraud alleged was this: W. M. Blankenship located and purchased from the State the north half of section sixteen, township twenty-one south, of range twenty-five east, Mount Diablo meridian; and that he also located and purchased from the State the south half of the same section in the name of his wife; and that the two then deeded it to their son Zachariah, to whom the patent was issued. The defendants demurred to the complaint, and the Court overruled the demurrer, and gave judgment for the plaintiff, and the defendants appealed. The other facts are stated in the opinion.

*Brown & Daggett,* for the Appellants.

*Jo Hamilton,* Attorney-General, and *Atwell & Brady,* for the Respondent.

Points decided.

By the COURT:

This is an action to cancel a patent, issued by the State, for the south half of section sixteen, in township twenty-one south, of range twenty-five east, of Mount Diablo meridian, on the ground that the same was procured to be issued by the fraudulent acts of certain of the defendants, of which acts the patentee had notice at the time when both the certificate of purchase and patent were issued. The action is "an action for relief on the ground of fraud" within the meaning of sub. 4 of sec. 358, Code of Civil Procedure. That section provides that such action must be commenced within three years after the cause of action accrued; and that it shall not be deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud. The patent was issued in May, 1873; the action was commenced in December, 1876; and it is not expressly averred in the complaint, nor are any facts therein stated which show that the plaintiff did not discover the facts constituting the fraud until within three years before the commencement of the action. When the acts constituting the fraud occurred more than three years before the commencement of the action, the plaintiff must allege a discovery thereof within three years in order to avoid the bar of the statute. The demurrer to the complaint, on the ground that the action was barred by the fourth subdivision of sec. 338, should have been sustained.

Judgment reversed and cause remanded, with directions to sustain the demurrer to the complaint.