## SMITH et al. v. IRVING.

### No. 11,644; August 30, 1889.

#### 22 Pac. 170.

Limitation of Actions—Mistake.—Under Code of Civil Procedure, section 338, providing that an action for relief on the ground of fraud or mistake must be commenced within three years after the cause of action accrued, such cause of action not to be deemed to have accrued until the discovery of the mistake by the aggrieved party, a complaint for relief on the ground of a mistake which occurred thirty years previous, and which is silent as to the time when such mistake was first discovered, is bad on demurrer.

APPEAL from Superior Court, Alameda County; W. E. Greene, Judge.

Action by James Smith and others against Henry P. Irving. A demurrer to the petition was sustained and plaintiffs appeal. Pending appeal, Henry P. Irving, respondent, died, and William Matthews, his executor, was substituted in his place. Code of Civil Procedure, section 338, prescribes a three years period of limitation for the commencement of "an action for relief on the ground of fraud or mistake; the cause of action in such case not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake."

Mich. Mullany, Aylett R. Cotton and W. H. H. Hart for appellants; George Leviston for respondent.

PER CURIAM.—This is an action for relief on the ground of mistake. It was not commenced until more than thirty years after the mistake occurred. As to the time when the mistake was first discovered by plaintiffs, the complaint is silent. The complaint was demurred to on the ground, among others, that the alleged cause of action was barred by the provisions of section 338 of the Code of Civil Procedure. The demurrer was sustained, plaintiffs declined to amend their complaint, judgment was entered for defendants, and plaintiffs appeal. Section 338 of the Code of Civil Procedure provides

that an action for relief on the ground of fraud or mistake must be commenced within three years after the cause of action accrued. In People v. Blankenship, 52 Cal. 619, it was held that an action for relief on the ground of fraud was barred after the lapse of three years, unless the plaintiff alleged a discovery of the facts constituting the fraud within three years before the commencement of the action. In that case an order overruling a demurrer was reversed. In Sublette v. Tinney, 9 Cal. 423, the court says: "The policy of the law is that actions on this ground should be commenced within three years; but that innocent parties may not suffer whilst in ignorance of their rights, the statute excepts them from the limitation until a discovery of the fraud. The latter clause of the section must, therefore, be construed as an exception, . . . . and be pleaded as such. In the present case, then, the cause of action accrued upon the execution of the contract." It has always been held that statutes of limitation should be strictly construed. The language of the statute is plain, and we think the demurrer was properly sustained. It is unnecessary to consider the other grounds of demurrer. Judgment affirmed.

Thornton, J., heard the argument, but took no part in the decision of this case, thinking himself disqualified.