[No. 14538.   Department Two. — March 10, 1892.]

# H. A. CLAUSEN, APPELLANT, *v.* FREDERICKA MEISTER ET AL., RESPONDENTS.

MORTGAGE — CANCELLATION — CLAIM AGAINST ESTATE OF DECEDENT — SUBROGATION — FRAUD — STATUTE OF LIMITATIONS. — An action commenced more than four years after the maturity of a note and mortgage, executed by an executrix in her individual capacity, to obtain cancellation thereof, and to recover the money loaned as a claim against the estate of the decedent, and to obtain subrogation to a claim of a third person against the estate, which was paid by the executrix with the money loaned, the complaint alleging that the loan was induced by false and fraudulent representations of the executrix that she was the sole owner of the unencumbered land, the falsity of which was discovered within three years before the commencement of the action, is not an action for relief upon the ground of fraud, within the meaning of subdivision 4 of section 338 of the Code of Civil Procedure, and is barred by section 337 of the same code.

ID.— CAUSE OF ACTION FOR RECOVERY OF MONEY — INCIDENTAL RELIEF IN EQUITY — EXTENSION OF LIMITATIONS — LOSS OF RIGHT TO EQUITABLE RELIEF. — The real cause of action being for the recovery of the money loaned by the plaintiff, and the other relief demanded being but incidental thereto, the time allowed by statute within which to commence an action for the recovery of the money cannot be extended by alleging the discovery of facts which in equity would have entitled him to look for its repayment to other security than the note and mortgage received at the time of the loan.   The right to equitable relief was lost when the bar of the statute attached to the note and mortgage.

APPEAL from a judgment of the Superior Court of Solano County.

The facts are stated in the opinion of the court.

*A. Morgenthal*, and *George A. Lamont*, for Appellant.

*S. L. Rogers*, for Respondents.

DE HAVEN, J. — The court below sustained the demurrer to the complaint in this action, and thereupon rendered judgment in favor of defendants.   The plaintiff appeals, and the question for decision is, whether the ruling of the court upon the demurrer was correct.

The material facts shown by the complaint are: On March 1, 1882, plaintiff was induced by representations of the defendant Fredericka Meister, to the effect that

she was the owner of a certain unencumbered piece of land in Solano County, to loan her four thousand dollars upon her note secured by a mortgage upon said land, which note and mortgage are fully set out. It is further alleged that these representations were false, and made in the presence and with the approval of the other defendants; that the land was at that time, and still is, part of the estate of one Millard Meister, deceased, and was not only subject to a prior mortgage of four thousand five hundred dollars, but also to the payment of the debts of said estate and expenses of administration; and the said defendant Fredericka Meister was and is entitled upon the settlement and distribution of said estate to only one fourth thereof, and the other defendants to the remaining three fourths. At the date of the execution of plaintiff's note and mortgage, the defendant Fredericka Meister was the executrix of said estate, and there had been presented and approved as a claim against said estate a certain note held by one Margaret Bolle for the sum of four thousand dollars and interest, and the said defendant Fredericka Meister, as executrix of said estate, paid that claim with the money loaned to her by plaintiff. It is further alleged that the plaintiff did not discover the fraud practiced upon him, in inducing him to make said loan upon the security of the note and mortgage of the defendant Fredericka Meister, until within three years before the commencement of this action. The plaintiff further alleged that, upon discovery of the falsity of the representations by which he was induced to loan his money, he informed the defendants of the fact, "and offered said note and mortgage given him by Fredericka Meister, herein set forth, for cancellation, and requested them to subrogate him in place of Margaret Bolle, whose claim against the estate of said Millard Meister" had been paid with plaintiff's money, "or to give plaintiff a new note secured by their interest as heirs to the estate of Millard Meister; yet they refused, and still refuse, to do so." The complaint also states "that said note and mortgage herein set forth are worth-

less, and plaintiff hereby offers the same to this court for cancellation."

The action was commenced more than four years after the maturity of plaintiff's note and mortgage, and the relief demanded in the complaint is "for judgment against the defendant for the sum of four thousand dollars, with legal interest thereon from the first day of September, 1885, and that said judgment be declared a valid claim against the estate of Millard Meister, deceased, and the plaintiff's claim be subrogated in place and stead of said claim of Margaret Bolle, . . . . *and that the note and mortgage herein set forth be canceled,*" and for general relief.

1. The defendants demurred to this complaint, upon the ground, among others, that the action is barred by section 337 of the Code of Civil Procedure, which provides that an action upon a contract founded on a written instrument is barred unless commenced within four years after the cause of action accrues. The demurrer was properly sustained. Plaintiff's right to recover upon the note and mortgage executed to him by the defendant Fredericka Meister was barred by this section of the code at the date of the commencement of this action, and whatever equitable right he might otherwise have had to be subrogated to the position of Margaret Bolle as a creditor of the estate of Millard Meister, and thus to enforce the payment of such note and mortgage, was lost to him when the bar of the statute attached to said note and mortgage.

This is not an action for relief upon the ground of fraud, within the meaning of subdivision 4 of section 338 of the Code of Civil Procedure, which gives to a party aggrieved three years after the discovery of the facts constituting the fraud within which to bring an action to obtain relief therefrom; but it is substantially one to compel the payment of the indebtedness which is evidenced by the note and mortgage executed by the defendant Fredericka Meister to the plaintiff, and the character of the action is not changed by the fact that

the plaintiff asks the court, on account of the other matters stated in the complaint, to apply the equitable principle of subrogation, and by this means cause the defendants to satisfy out of their property the indebtedness to secure which said note and mortgage was given to him.

The real cause of action is for the recovery of the money loaned by plaintiff, and the other relief demanded is but incidental to this, and the time allowed by the statute within which to commence an action for the recovery of this money cannot be extended by alleging the discovery, within three years, of facts which in equity would have entitled him to look for its repayment to other security than the mortgage which accompanied the note received by him at the time of the loan.

Judgment affirmed.

McFARLAND, J., and SHARPSTEIN, J., concurred.