[S. F. No. 1782.    Department One. — May 24, 1901.]

## J. D. CAMPBELL, Appellant, v. GEORGE O. CAMPBELL, Respondent.

133  33|
149  603|

Statute of Limitations — Cause of Action upon Note — Loan to Agent to Pay Judgment against Defendant — Knowledge of Defendant — Forgery — Subrogation. — A complaint which alleges that an agent for the defendant, with the defendant's knowledge, borrowed money from the plaintiff, which was knowingly applied by the defendant to pay a judgment against himself, that the agent signed his own name and that of the defendant to a joint note for the money, which was loaned solely on faith of the defendant's credit, that the agent was then insolvent, that the note was forged as to the defendant, and that the forgery was discovered within two years, and which sets up the note, and the amount due and unpaid thereon, and prays judgment against the defendant for that amount, and for subrogation to the judgment which was paid with the money loaned, — states a cause of action upon the note, which is not affected, as to the statute of limitations, by the incidental subrogation prayed for, and is barred in four years after the maturity of the note.

Id. — Amended Complaint — Change of Cause of Action — Running of Statute. — Where the original complaint showed that a judgment had been rendered in favor of the defendant in a previous action on the note, and set forth a cause of action for damages on account of alleged forgery by an agent of the defendant, and the re-

---

[1] 1 Am. St. Rep. 42.

ceipt and application of the money by the defendant with knowledge of all the facts, an amended complaint, omitting the judgment rendered and the claim for damages, and setting up the note, and seeking judgment for the amount alleged to be due thereon, and seeking subrogation to the judgment paid with the money loaned, states a new cause of action upon the note, as to which the statute of limitations continued to run until the filing of the amended complaint.

ID. — ALLEGED DISCOVERY OF FORGERY — ACTION NOT GROUNDED UPON FRAUD. — The alleged discovery of the forgery within two years prior to the commencement of the action cannot relieve the plaintiff from the operation of the statute of limitations upon the note. The cause of action set forth in the amended complaint is not for relief on the ground of fraud or mistake; and subdivision 4 of section 338 of the Code of Civil Procedure has no application.

ID. — RECOVERY UPON NOTE — RELATIVE POSITION OF PARTIES AS TO STATUTE OF LIMITATIONS. — As respects the statute of limitations, the plaintiff in the action to recover upon the note is in no better position because fraud was practiced upon him; and the defendant is in no worse position than he would have been if he had personally signed the note.

APPEAL from a judgment of the Superior Court of Sonoma County. A. G. Burnett, Judge.

The facts are stated in the opinion.

Charles S. Peery, and William Shipsey, for Appellant.

The action is in equity. Subrogation is an equitable remedy. (Sheldon on Subrogation, sec. 1; *Redington* v. *Cornwell*, 90 Cal. 49; *Cheeseborough* v. *Millard*, 1 Johns. Ch. 409.[1]) The money having been paid by plaintiff under an innocent mistake of fact, equity will relieve. (2 Pomeroy's Equity Jurisprudence, 869; *Gans* v. *Thieme*, 93 N. Y. 225; *Everston* v. *Central Bank*, 33 Kan. 353; *Haggerty* v. *McCanna*, 25 N. J. Eq. 49.) The statute does not run until the discovery of the mistake. (Code Civ. Proc., sec. 338, subd. 3.)

A. B. Ware, for Respondent.

The loaning of money, which is actually applied in paying off a lien, is not sufficient to establish a subrogation, unless there was an agreement to that effect. (Sheldon on Subrogation, 2d ed., sec. 243; Harris on Subrogation, sec. 809; *Moran* v. *Abbey*, 63 Cal. 56.) The action is upon the indebtedness, with the

[1] 7 Am. Dec. 494.

attempted subrogation only as an incident, and is not within the provisions of subdivision 4 of section 338 of the Code of Civil Procedure. The indebtedness evidenced by the note is barred by the statute. (Code Civ. Proc., sec. 337; *Clausen* v. *Meister*, 93 Cal. 557; *Lattin* v. *Gillette*, 95 Cal. 317;[1] *Piller* v. *Southern Pac. R. R. Co.*, 52 Cal. 42.)

COOPER, C.—The court below sustained defendant's demurrer to the amended complaint. Plaintiff declined to further amend, and judgment was entered for defendant. This appeal is from the judgment, for the purpose of determining the question as to the correctness of the order sustaining the demurrer.

The amended complaint was filed May 26, 1898, and states, in substance, that on April 1, 1893, a judgment was duly given and made by the superior court of San Luis Obispo County, in favor of one Ramage, against this defendant, for certain personal property, $271, and costs; that on the twenty-fourth day of May, 1893, one Stilts, as the agent of defendant, and with his knowledge, borrowed of plaintiff the sum of $280 for the purpose of paying the said judgment, and the same was paid and satisfied with said money; that on said last-named date the said Stilts, in consideration of the said $280, delivered to plaintiff a promissory note, of even date, for said sum, payable one day after date, and "purporting to have been made and signed by the said Stilts and the said George Campbell," bearing interest from date at the rate of ten per cent per annum until paid; that Stilts was, at the time of making said note, insolvent, and was known to plaintiff to have been so insolvent, and the said money was advanced wholly upon the credit of defendant's signature to said note; that plaintiff is informed and believes that the purported signature of the defendant to said note was forged, and was not the genuine signature of the defendant, and that plaintiff did not discover the forgery until July, 1896; that defendant received and retained the $280, and on January 3, 1898, with full knowledge of all the facts, procured and had an order duly given and made by the superior court of said San Luis Obispo County satisfying the said judgment of record; that plaintiff has demanded of defendant that he pay the amount of said note, with legal interest thereon, but no part thereof has been paid.

[1] 29 Am. St. Rep. 117.

Judgment is asked that the said sum of $280, with legal interest thereon from May 23, 1893, be repaid to plaintiff, and that plaintiff be subrogated to the rights of said Ramage in said judgment against defendant, and that said judgment be revived in favor of the plaintiff in this action.

There is no allegation in the amended complaint that Stilts was insolvent or unable to pay the note at the time of the commencement of the action.

Among other grounds of demurrer to the amended complaint, the defendant demurred upon the ground that the cause of action as therein stated is barred by the provisions of section 337 of the Code of Civil Procedure, which provides that an action upon a written instrument is barred unless commenced within four years after the cause of action accrues. A cause of action accrued in favor of plaintiff one day after May 24, 1893. When the amended complaint was filed, more than four years had elapsed after the cause of action accrued. The demurrer was therefore properly sustained.

The action was not commenced upon the note until the filing of the amended complaint. The original complaint alleged that on July 30, 1896, the plaintiff commenced an action in the justice court of San Simeon township, in the county of San Luis Obispo, against defendant and said Stilts, on said note; that said action was tried in said justice court, and judgment rendered in favor of defendant and against this plaintiff; that said case was afterwards appealed, and the superior court of San Luis Obispo County, by its judgment duly given and made, decided and rendered judgment in favor of this defendant and against plaintiff.

The original complaint then enumerates certain acts as to the alleged forgery of defendant's name to said note, and that defendant received the $280, with which he paid the Ramage judgment. Judgment is then asked for six hundred dollars damages and costs. As the original complaint alleged a final judgment upon the note in favor of defendant, and stated facts showing that plaintiff relied upon the alleged forgery and receipt of the money by defendant as a cause of action for damages, it cannot be held that it was the commencement of an action upon the note. Instead of being an action commenced upon the note, it contained express declarations showing a final judgment in defendant's favor thereon.

After a demurrer was sustained to the original complaint,

plaintiff evidently concluded to proceed upon a different theory, and, instead of alleging a final judgment in defendant's favor upon the note, set forth the amount, date, execution, and delivery of the note, and asked judgment for such amount.

If the name of defendant was in fact forged to the said note, and the other allegations of the amended complaint are true, it by no means follows that the defendant was not liable thereon. If Stilts was defendant's agent in the transaction, acted with full knowledge of defendant, procured the money for defendant, and "defendant retained the benefit with full knowledge of all the facts," and received the money to his own use, could he be heard to deny his liability upon the note? The cause of action, therefore, was upon the note. Plaintiff loaned the money upon the note, and the indebtedness was evidenced thereby.

This action is for the purpose of recovering such indebtedness, and the character of the action is not changed by the fact that the plaintiff asks other relief in the way of subrogation to compel the payment of the indebtedness. The right of subrogation would, in any event, be only incidental to the principal relief sought. (*Clausen* v. *Meister*, 93 Cal. 555.)

The allegation that plaintiff did not discover the forgery of defendant's name until July, 1896, cannot relieve him. He knew he had the note at that time. He knew the circumstances, and the defendant's connection therewith. He still had, after such alleged discovery, nearly two years in which to bring his action upon the note, and to ask the relief of a court of equity as to any subrogation incident to the indebtedness due thereon.

This is not an action for relief on the ground of fraud or mistake, and therefore subdivision 4 of section 338 of the Code of Civil Procedure has no application. It is really an action to recover upon the promissory note, and plaintiff is in no better position because fraud has been committed upon him, nor the defendant in any worse position than if defendant had in fact signed the note.

It follows that the judgment should be affirmed.

Haynes, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.     Harrison, J., Garoutte, J., Van Dyke, J.