[Sac. No. 1222.   In Bank.—August 23, 1906.]

## JAMES O. BANKS, Respondent, v. ANNIE E. STOCKTON, as Guardian, etc., et al., Appellants.

MORTGAGE BY GUARDIAN—STATUTE OF LIMITATIONS.—An action to enforce a mortgage executed by a guardian as an equitable lien upon the property of the minor wards, which is brought seven years

after the cause of action accrued upon the note attempted to be secured thereby, is barred by the statute of limitations.

ID.—MONEY BORROWED TO REDEEM PROPERTY OF WARDS—MUTUAL MISTAKE AS TO VALIDITY OF MORTGAGE—DISCOVERY.—The facts alleged that the money was borrowed by the guardian from the plaintiff to redeem the property of the minor wards from sale under foreclosure of a prior mortgage executed by their father in his lifetime, and that there was a mutual mistake of the plaintiff and the guardian as to the validity of the mortgage which was discovered within three years, cannot save the bar of the statute against the enforcement of any lien, where the action was not commenced within the time it would have had to be brought if the mortgage were valid.

ID.—LOSS OF INCIDENTAL EQUITABLE RIGHTS.—Whatever equitable rights of subrogation to the rights of the original mortgagee, the plaintiff may have had by reason of the facts alleged, those rights were available only in aid of the enforcement of the claim evidenced by the note and mortgage of the guardian, and where the bar of the statute attached to that claim, such incidental equitable rights were lost.

APPEAL from a judgment of the Superior Court of Lassen County. F. A. Kelley, Judge.

The facts are stated in the opinion of the court.

Garoutte & Goodwin, for Appellants.

N. J. Barry, for Respondent.

ANGELLOTTI, J.—This action was commenced December 8, 1899, to obtain a decree adjudging a mortgage, executed by Annie E. Stockton as guardian of the person and estates of Dorsey K., Dexter C., H. C., and Pitt D. Stockton, who then, and until the year 1894, were minors, to be a valid lien upon the interest of said minors in the property described therein, and directing the sale of said property to pay the amount due on the note for which the mortgage was given as security.

The mortgage was executed by said guardian on November 26, 1890, to secure a note of said guardian of the same date for the sum of one thousand dollars, and bearing interest at the rate of ten per cent per annum and payable two years after its date. A demurrer interposed to the complaint was overruled, and an answer having been filed, the cause

was tried and judgment given for plaintiff as prayed. This is an appeal by defendants from such judgment.

One of the grounds specified in the demurrer to the complaint was that the cause of action stated, if one was stated, was barred by the provisions of section 337 of the Code of Civil Procedure of the state of California, which provides that an action upon a contract founded upon an instrument in writing executed in this state is barred, unless commenced within four years after the cause of action accrues. We can see no possible answer to the objection thus made. So far as the action is for the recovery of the indebtedness evidenced by the promissory note and mortgage, the cause of action accrued, according to the allegation of the complaint, two years after November 26, 1890. When this action was commenced, December 8, 1899, more than seven years had elapsed after the cause of action accrued, and no facts are alleged in the complaint sufficient to avoid the effect of the running, without action commenced, of the time prescribed in this section.

Plaintiff relies upon certain facts alleged in the complaint as sufficient to defeat this objection. Substantially, these facts are as follows: The property described in the mortgage was acquired by said minors under the provisions of the will of their father. He had encumbered a portion thereof with a mortgage, which was a valid and subsisting lien thereon at the time of his death. Subsequent to his death, this mortgage was foreclosed, and a sale of the premises had under the foreclosure decree. It was to redeem the property from such sale that the one thousand dollars, for which the note and mortgage in suit were given, was borrowed from plaintiff, and the money was in fact used for that purpose. The money was borrowed by the guardian and the note and mortgage were given without any order of authorization therefor on the part of the superior court having jurisdiction of the guardianship proceedings. The guardian represented to plaintiff that as such guardian she had authority to execute the note and mortgage, and that such mortgage would be a valid lien on the minors' property, and it was the intention of both guardian and plaintiff that plaintiff should have a valid lien thereby. Both the guardian and plaintiff believed that the mortgage was good and valid, and their mistake in that regard

was not discovered until within three years prior to the commencement of this action.

We see nothing in these facts that can assist plaintiff. Plaintiff's theory apparently is that this is an action for relief on the ground of mistake, and that, therefore, under subdivision 4 of section 338 of the Code of Civil Procedure, he had three years after his discovery of the facts constituting the mistake within which to commence his action. It will be observed that the discovery by plaintiff as to the invalidity of his mortgage was not made until after the statute would have barred it, had it been a valid mortgage. We are at a loss to understand how plaintiff can be placed in any better position by reason of his. mistake as to the validity of his mortgage than he would have been in had his mortgage been valid and there had been no mistake. As has been heretofore pointed out by this court in similar cases, this is not an action for relief upon the ground of mistake within the meaning of subdivision 4 of section 338 of the Code of Civil Procedure, but is substantially one to compel payment of the indebtedness evidenced by the note and mortgage executed by the guardian to plaintiff. The case is very similar to that of *Clausen* v. *Meister,* 93 Cal. 555, [29 Pac. 232], where the complaint alleged that a loan was made and the note and mortgage taken by reason of certain fraudulent representations that the maker was the owner of the mortgaged property, whereas in fact she was only the executrix of the will of the deceased owner, and entitled upon distribution to only one fourth of the property. The money there loaned was used to pay a claim against the estate, thus benefiting all those interested in the property under the deceased. Within three years after the discovery of the facts, but more than four years after the maturity of his note and mortgage, the plaintiff brought his action for the amount due, and sought to be subrogated to the rights of the creditor of the estate whose claim had been paid with his money. This court there said: "The real cause of action is for the recovery of the money loaned by plaintiff, and the other relief demanded is but incidental to this, and the time allowed by the statute within which to commence an action for the recovery of this money cannot be extended by alleging the discovery, within three years, of facts which in equity would have entitled him to look for its repayment to other

security than the mortgage which accompanied the note received by him at the time of the loan.'' (See, also, *Campbell v. Campbell*, 133 Cal. 33, [65 Pac. 134].) Whatever rights in equity this plaintiff may have originally had by reason of the facts alleged, such rights were available only to aid in the enforcement of the claim evidenced by the note and mortgage, and when the bar of the statute attached to *that* claim, such incidental equitable rights were lost. (*Clausen* v. *Meister*, 93 Cal. 555, [29 Pac. 232].)

The demurrer to the complaint should have been sustained. The judgment is reversed.

Shaw, J., McFarland, J., Henshaw, J., Sloss, J., and Beatty, C. J., concurred.