W. G. KITZMAN, Appellant, v. A. CARL, ET AL.

**Parol evidence:** VARIANCE OF WRITING. Parol evidence is not admissible to vary the terms of a writing, but it is competent to show the meaning given by the parties themselves to words and phrases used therein.

**Conveyances:** QUANTITY OF LAND: "MORE OR LESS." The words "more or less" as used in a deed do not constitute a warranty that the quantity of the land is the precise amount stated in the deed, but a near approximate thereto.

*Appeal from Keokuk District Court.*— HON. W. G. CLEMENTS, Judge.

THURSDAY, FEBRUARY 14, 1907.

SUIT to recover for the breach of warranty in a deed. There was a judgment for the defendants. The plaintiff appeals.— *Affirmed.*

*J. C. Beem* and *H. F. Wagner,* for appellant.

*T. C. Legoe* and *Stockman & Hamilton,* for appellees.

SHERWIN, J.— The defendants A. and Hannah Carl, husband and wife, conveyed to the plaintiff real estate de-

scribed in the deed as follows:   The S. E. ¼ of the S. W.
¼, and the east thirty acres of the S. W. ¼, of section 34,
township 77, range 13, containing seventy acres more or
less.   The deed contained a covenant of general warranty.
A regularly platted public street took about 1¾ acres from
the thirty-acre tract conveyed, and this action was brought
on the warranty.

The street line was marked by a fence of long standing,
and, when the plaintiff purchased, he well knew that about
two acres had been taken from the thirty-acre tract de-
scribed in the deed ·for street use.   He testified that the
matter was talked over before the deed was executed, and
that he understood the amount of land ˙ that he would
then get under the description in his deed, and that he
would get no more until the street was vacated.   While
parol testimony is not competent to alter the terms of the
warranty in the deed, it is competent to show the meaning
given by the parties themselves to words and phrases used
therein when such meaning would otherwise be doubtful.

The appellant contends that the conveyance of the east
thirty acres meant that exact amount and nothing less, not-·
withstanding the statement in the deed that the entire con-
veyance was of seventy acres more or less.   But his claim
is not sustained by the record.   Both tracts were conveyed
in one deed and together they made the acreage named
therein as more or less.   It is clearly shown that the words
"more or less" were inserted in the deed for the express
purpose of providing against liability for the known shortage
in the thirty-acre tract.   The words "more or less" in a
conveyance ordinarily mean that the grantor does not war-
rant the precise quantity of land named therein; "they im-
port that the actual quantity is a near approximate to that
mentioned," and, if there be no more than a reasonable ex-
cess or deficit in the quantity there can be no breach of the
covenant in the deed.   *Hosleton v. Dickinson,* 51 Iowa, 244;
*Boddy v. Henry,* 126 Iowa, 31.   Furthermore, the sale in

the instant case was for a gross sum for the entire tract, and not for a stipulated price per acre.

We think the judgment clearly right, and it is *affirmed.*