[Sac. No. 2372. In Bank.—February 18, 1918.]

THE PEOPLE, Appellant, v. KINGS COUNTY DEVELOPMENT COMPANY (a Corporation), Respondent.

Public Lands—Sale of State Lands—Constitutional Law—Lands Uncovered by Recession of Lakes—Statutes—Restrictions on Authority to Sell.—Under section 3 of article XVII of the state constitution and also under the act of March 24, 1893, providing for the sale of land uncovered by the recession of inland lakes (Stats. 1893, p. 341), which follows that constitutional provision, the surveyor-general is given authority to sell land suitable for cultivation in tracts not exceeding 320 acres to one person, to actual settlers thereon and not otherwise.

Id.—Surveyor-general's Authority—State Bound by His Determination of Facts.—The duty of ascertaining the character of land

CLXXVII Cal.—34

before making a sale under such statute, and, if it is suitable for cultivation, to make sales only to persons and in the quantities authorized by the statute, rests upon the surveyor-general, who as the agent of the state, has authority to determine the fact, and in the absence of fraud or mistake which would authorize relief by a court in equity, the state is bound by his decision.

ID.—CAUSE OF ACTION TO SET ASIDE PATENT FOR WANT OF POWER—DEMURRER.—Where in an action by the state to set aside a patent, one of the counts in the complaint alleged that at the time of the application for the patent, the land described consisted of 507.45 acres, that the applicant knew that the land was suitable for cultivation, and that after receiving a patent for the land she conveyed it without any valuable consideration to the defendant, a corporation, but without any allegation of mistake on the part of the surveyor-general, and based solely on the theory that no power exists in any state officer to grant land suitable for cultivation to one not an actual settler, or in excess of the prescribed area of 320 acres, such count in the complaint does not state facts sufficient to constitute a cause of action.

ID.—CAUSE OF ACTION TO SET ASIDE PATENT FOR FRAUD—COMPLAINT GOOD AS AGAINST DEMURRER.—Where in such action a second count in the complaint alleges as additional facts that the applicant's affidavit on her application to purchase states that she desired to purchase the land for her own use and benefit and that she had made no contract to sell the same to any person, although in truth and in fact she had made the application at the instance and for the use of a syndicate of several persons organized for the purpose of acquiring the lands from the state without any settlement thereon, and that these persons, with full knowledge of all the facts, assisted her in procuring the certificate of purchase and in making the conveyance to the defendant, such count is good as a cause of action to set aside the patent on the ground of fraud and a demurrer to such count is improperly sustained.

ID.—STATUTE OF LIMITATIONS—ACTION BY STATE TO SET ASIDE PATENT FOR FRAUD.—An action by the state to cancel a patent on the ground of fraud in its procurement, and to have the state declared the owner of the land described in the patent, although seeking relief on the ground of fraud, is nevertheless an action for the recovery of real property and is not barred by the period of three years fixed by section 338 of the Code of Civil Procedure, but by the period of ten years fixed by section 315.

APPEAL from a judgment of the Superior Court of Kings County. M. L. Short, Judge.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, and Jones & Weller, for Appellant.

Gibson, Dunn & Crutcher, T. T. C. Gregory, and D. Hadsell, for Respondent.

SLOSS, J.—A demurrer to the complaint was sustained by the court below, and thereupon judgment was given for the defendant. From this judgment the plaintiff appeals.

The prayer of the complaint is that a certificate of purchase and patent issued by the state to Amelia C. Johnson for the lands described, be declared illegal and void, and canceled; that the conveyance of the lands afterward made by Johnson to the defendant be declared void, and that the plaintiff be adjudged to be the owner of the lands, free of any right or claim of defendant thereto, and for such further relief as may seem proper.

The complaint consists of two counts, each relating to the same subject matter. The facts stated in the first count are as follows: The land described consisted of 507.45 acres and belonged to the state. It was a part of the land uncovered by the recession of the inland lake known as Tulare Lake, and was subject to sale under the provisions of the act of March 24, 1893, providing for the sale of land uncovered by the recession of inland lakes. On December 3, 1904, a certificate of purchase of said land was issued to Amelia C. Johnson in pursuance of said act. Said land was then suitable for cultivation, that is, it was ready for and susceptible of immediate occupation, and was by ordinary farming processes fit for agricultural purposes. Amelia C. Johnson was not then and never had been an actual settler on said land or any part thereof. When she made her application and received the certificate therefor, she knew that said land was suitable for cultivation. On June 13, 1906, a patent was issued to her for said land in pursuance of said certificate, and on July 23, 1907, without any valuable consideration, she conveyed said lands to the defendant herein. Defendant and its directors and officers at the time of receiving said deed well knew that then, and at the time said land was so applied for by Johnson and patented to her, it was suitable for cultivation, as aforesaid.

The second count of the complaint relates to the same purchase, and alleges the same facts. It adds thereto the further statement that with her said application Amelia C. Johnson made an affidavit stating that she desired to purchase said land for her own use and benefit and for no other person or persons whatsoever, and that she had made no contract to sell the same to any person, but that in truth and in fact she made said application and affidavit at the instance and for the use of a syndicate of several persons, then organized for the purpose of acquiring in that manner from the state of California, without any settlement thereon, the said lands and other lands, which were then, and at all times referred to, suitable for cultivation; that said syndicate, with full knowledge of all of said facts, aided the applicant in procuring her certificate of purchase, and thereafter, in pursuance of said purpose, procured the making of said conveyance by said Johnson to the defendant, and that the defendant claims said land by virtue of said conveyance and not otherwise.

The complaint was filed on May 22, 1914. This was less than ten years after the issuance of the patent. The demurrer was based on the grounds that neither count of the complaint stated facts sufficient to constitute a cause of action, and that each of the causes of action set forth therein are barred by sections 315, 318, 319, and subdivision 4, of section 338, of the Code of Civil Procedure.

Section 3 of article XVII of the constitution is as follows: "Lands belonging to this state, which are suitable for cultivation, shall be granted only to actual settlers, and in quantities not exceeding three hundred and twenty acres to each settler, under such conditions as shall be prescribed by law."

The act of 1893 required that the applicant for such land should accompany his application with an affidavit stating that he desires to purchase the same for his own use and benefit, and for the use and benefit of no other person, and that he has made no contract to sell the same; that upon the filing of said application the surveyor-general should cause the county surveyor of the county in which the land lies to make an actual survey thereof, and establish the corners connecting the same with the United States survey, and should file with the surveyor-general a copy of his field-notes and plats, and a statement under oath, showing whether or not the land is occupied by any actual settler, and that if the

lands are suitable for cultivation without reclamation such lands shall be sold only to actual settlers, in tracts not exceeding 320 acres. It provides for the formation of reclamation districts to reclaim such of said lands as should not be suitable for cultivation without reclamation.

It will be observed that the legislature has· followed the constitutional mandate, and has authorized sales of such lands only when the conditions of the constitution are fulfilled. The surveyor-general is given authority to sell land suitable for cultivation, in tracts not exceeding 320 acres to one person, and to persons who are actual settlers thereon, and not otherwise. Before making a sale of such land the duty rests upon him to ascertain its character, and if it is suitable for cultivation, to make the sales only to the persons, and in quantities, authorized by the statute. In making this inquiry he is acting as the agent of the state with authority to determine the fact. It would seem to follow, therefore, that in the absence of fraud or mistake such as would authorize an application for relief in equity, the state is bound by his decision thereon. Such is the uniform rule of decision regarding patents issued by the officers of the United States in pursuance of acts of Congress giving them similar authority. (*Gage* v. *Gunther,* 136 Cal. 338, 344, [89 Am. St. Rep. 141, 68 Pac. 710].) We perceive no reason why the same rule should not be applied to the decisions of the surveyor-general of the state regarding land subject to sale under this act. The power to sell depends upon the determination of a fact, as in the cases relating to the United States officers, and the determination of the fact by an officer authorized to make it, should be binding to the same extent. On the other hand, if we hold that the constitutional provision deprives the legislature of the state·of power to sell or authorize officers to sell such land in quantities exceeding 320 acres to a single person, or to those not actual settlers, unless it is in fact unsuitable for cultivation at the time, and that no officer of the state has any power to determine this question so as to bind the state, the result would be to place the titles of such lands, even·in the hands of innocent purchasers from the patentee, continually in jeopardy thereafter at the instance of the state, as succeeding officers may see cause for changing the original decision as to its character. It is clear that this would not be a sound public policy. It is to the

interest of the state that when persons have honestly acquired title from the state to such lands, upon applications made in good faith, and upon a decision thereon by the state officers of the facts involved, such titles should not be subject to attack in future on the ground that the original decision was wrong.

The first count does not allege that the decision of the surveyor-general was made by reason of any mistake, and it is not claimed by the attorney-general that this count is based upon the theory of equitable relief on the ground of mistake. It is based solely on the theory that no power exists in any state officer to grant land of that character to one not an actual settler, or in excess of the prescribed area. For these reasons we think the first count does not state facts sufficient to constitute a cause of action.

The addition in the second count of allegations of fraud on the part of the purchasers, and of knowledge thereof on the part of the present owners, clearly bring it within the rules regarding fraud, and render that count good as a cause of action to set aside the patent upon the ground that it was procured by actual fraud.

The main controversy upon this appeal arises over the question whether or not the action is barred by the statute of limitations. Section 315 of the Code of Civil Procedure provides the general statute of limitations which runs against the state. It declares that the state will not sue any person "for or in respect to any real property," unless the state's "right or title shall have accrued within ten years before" the action or proceeding is commenced. The words "right or title" in this passage are to be construed to mean "cause of action." (*People* v. *Banning Co.*, 167 Cal. 643, 646, [140 Pac. 587].) If this section applies to the case it would follow that the action is not barred. There can be no dispute over the proposition that the cause of action stated in the complaint is an action in respect to real property. It asks that a patent for real property be canceled, and that the state be declared to be the owner of the land which the patent apparently disposed of. The respondents claim that the case is governed by subdivision 4 of section 338, providing that an action for relief on the ground of fraud or mistake is barred within three years from the time of the discovery of the fraud or mistake. This theory is based upon the language

of sections 335 and 345 of the same chapter in which section
338 is found.  Section 335 is the first section of chapter III,
title II.  It declares that ''the periods prescribed for the
commencement of actions other than for the recovery of real
property, are as follows.''  Then follow the remaining sec-
tions of the chapter, including those last mentioned.  Sec-
tion 345 declares that ''the limitations prescribed in this
chapter apply to actions brought in the name of the state or
for the benefit of the state, in the same manner as to actions
by private parties.''  We cannot agree with the contention
of the respondent that these provisions make the three-year
statute applicable to an action of the character herein pre-
sented.  Although the second count is based upon an alleged
fraud perpetrated by the applicant and the syndicate which
procured the conveyance to the defendant, yet it is not ex-
clusively an action for relief on the ground of fraud.  Its
main purpose is to obtain for the state a cancellation of the
patent, issued for its land by its officers acting under the
influence of the fraudulent acts alleged, and to have the
state declared to be the owner of that land.  It is clearly an
action in respect to land, as well as an action for land, and
it is governed by the provisions of section 315 aforesaid.
This proposition is well settled in this state.  Sections 315,
318, and 319 are contained in chapter II of the article afore-
said.  This chapter is entitled ''Time of commencing actions
for recovery of real property.''  Its provisions relate to that
subject, and fix the period of limitation for actions by private
persons to recover real property or the possession thereof,
and also for actions by the state, as above mentioned.  It
has been held in a number of cases that an action by a private
person to recover real property, based upon allegations that
the title was procured to be conveyed by such person by
means of fraud, though an action seeking relief on the ground
of fraud, is nevertheless an action for the recovery of real
property and is not barred by the period of three years
fixed by section 338, but by the five-year period fixed by
section 318.  These decisions are based on the proposition
that the actions referred to in chapter III of said article are
''actions other than for recovery of real property,'' and that
when the main purpose of an action is to recover real property
for the plaintiff, it is barred in five years and not in three
years.  (*Oakland* v. *Carpentier*, 13 Cal. 552; *Goodnow* v.

*Parker,* 112 Cal. 441, [44 Pac. 738]; *Murphy* v. *Crowley,* 140 Cal. 141, [73 Pac. 820]; *South Tule etc. Co.* v. *King,* 144 Cal. 454, [77 Pac. 1032]; *Hager* v. *Shindler,* 29 Cal. 47; *Scholle* v. *Finnell,* 166 Cal. 551, [137 Pac. 241].) This proposition is elaborately stated and argued in the cases cited, and it is unnecessary to discuss it further in the present case. The same rule must obviously be applied to an action by the state in respect to land claimed by it, the object of which is to have the state declared to be the owner thereof, and to have a fraudulent patent therefor canceled. Such action is not barred until the expiration of ten years from the issuance of the patent attacked.

In support of their claim regarding the statute of limitations, the defendants rely on *People* v. *Blankenship,* 52 Cal. 619. In that case the only relief asked was the cancellation of the patent. Apparently no relief was asked regarding the land itself, and the entire discussion was upon the proposition that it was an action solely for relief on the ground of fraud within the meaning of subdivision 4 of section 338 aforesaid. The principle of the case was condemned in *Goodnow* v. *Parker, supra,* and in *Murphy* v. *Crowley, supra.* Both of these cases were suits by private persons similar to the case at bar, to recover possession of land and set aside deeds therefor under which the defendants held, alleged to have been obtained by fraud, and so far as *People* v. *Blankenship* may be deemed to be a decision that, where the restoration of the land to the rightful owner is the main object of the action, the three-year statute applies, it must be considered as overruled by the later cases. The same must be said of *People* v. *Noyo Lumber Co.,* 99 Cal. 456, [34 Pac. 96], which is also cited by the respondent. There was no serious discussion in either case of the question involved in the present case. We are of the opinion that the demurrer was improperly sustained, as to the second count.

The judgment is reversed.

Sloss, J., Victor E. Shaw, J., *pro tem.,* Melvin, J., Wilbur, J., Richards, J., *pro tem.,* and Angellotti, C. J., concurred.