GEORGE MAHRT, Appellant, v. HENRY MANN, Appellee.

**PLEADING:**   Construction—Multifarious Theories in One Count. A
1   cause of action which is not barred until ten years after the execution and delivery of a *deed* is shown by a pleading which (1) pleads a contract of purchase of land by the acre, and the deed in fulfillment thereof, (2) shows payment for the acreage represented in the deed, and (3) alleges actual material shortage in the said acreage; and this is true even though the pleading does allege ''mutual mistake'' of the parties as to the acreage, and asks for the reformation of a mortgage for the purchase price.

**VENDOR AND PURCHASER:**   Performance of Contract—Acreage—
2   Representations in Deed—Effect. Principle reaffirmed that a deed covenant which specifies the acreage, ''be it more or less,'' constitutes a *representation* that the specified acreage is approximately correct.

Headnote 1:   15 C. J. pp. 1301, 1304 (Anno.)   Headnote 2:   15 C. J. p. 1287; 39 Cyc. p. 1313.

Headnote 2:   8 R. C. L. 1080.

*Appeal from Woodbury District Court.*—R. H. MUNGER, Judge.

OCTOBER 26, 1926.

REHEARING DENIED APRIL 7, 1927.

Action in equity by the vendee, to recover of the vendor for a shortage in land sold, and for a corresponding credit on the

mortgage given for the purchase price. The petition was dismissed, and the plaintiff appeals.—*Reversed and remanded.*

*Hess, Crary & Crary* and *Wormley & Wormley,* for appellant.

*Naglestad, Pizey & Johnson,* for appellee.

VERMILION, J.—Certain facts are not in dispute. It thus appears that, on January 14, 1914, the parties entered into a written contract for the purchase by the plaintiff from the de-

**1. PLEADING: construction: multifarious theories in one count.** fendant of a farm for an expressed consideration of $25,500. The land was described in the contract as the fractional northwest quarter of a designated section, "containing 150.46 acres according to the U. S. government survey be the same more or less." On June 17, 1915, pursuant to this contract, the defendant executed and delivered to plaintiff his warranty deed, in which the land was described as it was in the contract. The plaintiff paid $3,000 of the purchase price in cash, and gave a mortgage on the land to secure the balance, of $22,500, which mortgage is still held by the defendant. Interest has been paid on the mortgage, but none of the principal has been paid. A survey of the land in 1923 disclosed the fact that the tract described contained but 124.9 acres. In August, 1924, the plaintiff commenced this action, to recover for the shortage in the acreage of the land.

It is fairly established by the evidence that the sale was by the acre, and was of 150 acres, at $170 per acre, not counting the fraction of an acre mentioned in the contract and deed.

The defendant pleaded the bar of the statute of limitations applicable to actions founded on fraud and all actions not otherwise provided for, and alleged that the cause of action did not accrue within five years before the commencement of the action. In reply, the plaintiff alleged that the defendant had been a nonresident of the state for a sufficient length of time to toll the pleaded statute of limitations.

The petition was in two counts. The second count, alleging fraud in the sale of the land, was admittedly not sustained by the proof, and requires no consideration.

The appellant contends that the first count of his petition

set up a cause of action founded on the written contract for the sale of 150 acres of land, as embodied in the deed, and that it would, therefore, be barred only at the expiration of ten years. Paragraph 6, Section 11007, Code of 1924. Appellee insists that this count of the petition stated a cause of action grounded upon mutual mistake, and that the action was barred at the expiration of five years from the time the mistake was, or should have been, discovered. Paragraph 5, Section 11007. If appellant's contention at this point be sustained, it will be unnecessary to consider questions presented by the pleaded defense of the 5-year statute of limitations, and matters relied upon by appellant to toll that statute.

The first count of the petition pleaded a purchase of the land by the acre and the execution and delivery of the contract and deed, copies of which were set out, and alleged payment for the land, as above stated, and that plaintiff relied upon the belief that the tract contained 150.46 acres. It was further alleged that, "as a matter of fact, there was a mutual mistake on the part of plaintiff and defendant as to the number of acres contained in said premises," and that the actual number of acres was only 124.9, which fact plaintiff did not discover until recently. The prayer of the petition was for judgment for the total amount claimed, or judgment for the excess interest paid and interest thereon, and credit on the mortgage for $170 per acre for each acre the land was short of 150 acres, and that the mortgage be corrected and reformed to show such credit, and for general equitable relief.

In *Gardner v. Kiburz*, 184 Iowa 1268, where the deed was of several tracts, each described as containing a stated number of acres "more or less," or "more or less according to government survey," we said:

"The deed made by the defendants * * * conveys and warrants a farm of 500 acres; * * * more or less. This warranty was not merely of the defendants' title, or their right to convey,

2. VENDOR AND PURCHASER: performance of contract: acreage: representations in deed: effect.

but, subject only to slight and unimportant inaccuracies, it constitutes at least a representation, if not a warranty, on which the buyer may rely, as a near approximation to the actual quantity of land. In other words, while not a warranty of 'the precise quantity of land, it does import that the

actual quantity is a near approximate to that mentioned' * * * and if there be more than a reasonable deficiency, there is a breach of such covenant."

See, also, *Kitzman v. Carl*, 133 Iowa 340; *Prenosil v. Pelton*, 186 Iowa 1235.

If the tract actually conveyed was less in area than the deed stated it to be in such a substantial amount that it was not a near approximation to the acreage covenanted for, there was a breach of the covenant.

The petition alleged the execution and delivery of the deed, and set out its terms. The breach of the covenant and the resulting damages were alleged. Nothing more was required to state a cause of action for the breach of the written contract found in the deed.

The allegation of mutual mistake as to the number of acres in the tract was wholly unnecessary to a statement of such a cause of action, and was merely incidental to it. *Union Ice Co. v. Doyle*, 6 Cal. App. 284 (92 Pac. 112); *Banks v. Stockton*, 149 Cal. 599 (87 Pac. 83); *Yancey v. Tatlock*, 93 Iowa 386. The same thing is true of the prayer for reformation of the mortgage. A recovery of the damages arising from the breach of the contract, or the abatement of the purchase price by a credit on the mortgage of the amount by which, by reason of the shortage in acreage, it was excessive, and a recovery of the excessive interest paid, would afford full relief. With the mortgage debt so reduced, a reformation, strictly speaking, of the mortgage would be unnecessary.

In *Sims v. Miller*, 151 Ark. 377 (236 S. W. 828), the court, in holding that the action was upon a written contract, notwithstanding that an account was set up, and that a 5-year statute of limitations was applicable, and not a 3-year statute, said that the account was a mere specification of the items, and that a party was bound by his pleadings in designating the particular right of action declared upon, and was entitled to the protection afforded by the statute of limitations applicable to the cause of action declared upon, if the facts justified it.

We held, in *Russell & Co. v. Polk County Abst. Co.*, 87 Iowa 233, that, although an act was alleged to have been negligently done, if the duty arose under contract, the statute of limitations applicable to actions founded on contract governed.

It is said in Corpus Juris that the statute of limitation with respect to relief on the ground of fraud or mistake does not apply where the relief on the ground of mistake is merely incidental to, or involved in, another and real cause of action. 37 Corpus Juris 794.

We are of the opinion that the first count of the petition stated a cause of action founded upon a written contract, and that the action thereon was not barred short of ten years following its accrual on the date of the deed. *Yancey v. Tatlock,* supra; *Mitchell v. Kepler,* 75 Iowa 207.

The facts of the case do not present a situation calling for the application of the doctrine of laches. The appellee has been in no manner prejudiced by the delay. *Gray v. La Plant,* 183 Iowa 844; *McNair v. Sockriter,* 199 Iowa 1176.

Under the evidence, the plaintiff was clearly entitled to have credited on the mortgage the sum of $4,267, being $170 per acre for the 25.1 acres the tract was short, and to recover the interest paid on that amount of the mortgage debt, with interest thereon. The cause is reversed and remanded for decree in accordance with this opinion.—*Reversed and remanded.*

DE GRAFF, C. J., and STEVENS and FAVILLE, JJ., concur.