[Civ. No. 36378. First Dist., Div. One. Sept. 25, 1975.]

VIRGINIA GRIFFITHS SAN FILIPPO, Plaintiff and Appellant, v. JAMES GRIFFITHS, Defendant and Respondent.

**COUNSEL**

Leonard N. Kesselman for Plaintiff and Appellant.

Roger L. Maino for Defendant and Respondent.

**OPINION**

**ELKINGTON, J.**—This appeal concerns the issue whether the three-year statute of limitations for actions "for relief on the ground of fraud" (Code Civ. Proc., § 338, subd. 4), or the four-year statute for "An action upon any contract, obligation or liability founded upon an instrument in

writing" (Code Civ. Proc., § 337, subd. 1)[1] is applicable to an action commenced by plaintiff in the superior court.

Plaintiff Virginia San Filippo, then Virginia Griffiths, and defendant James Griffiths (hereafter for convenience "Virginia" and "James") entered into a "Property Settlement and Separation Agreement," July 30, 1968. It was thereafter, on October 4, 1968, "ratified, approved and confirmed" by the superior court, in an interlocutory decree of divorce between the parties. The agreement contained a provision stating:

"If—after the execution of this agreement—additional property is found to have existed as from the date of execution hereof, or the values of properties as represented by the Husband as expressed in paragraph 1 hereof are found to be willfully understated, the Wife shall be entitled to 50% of such additional property as is discovered; and in the event the values are willfully understated, Wife shall be entitled to 50% of the difference in value as represented by the Husband (referred to above) and as such value truly exists on the date of execution hereof."

In light of the parties' contentions it seems proper at this point to analyze this provision.

As to *community property not included in the agreement,* later found to have existed at the time of its execution, James promised to pay Virginia 50 percent of its value. *Fraud* is wholly absent as a condition of this liability.

The remaining clause dealt with community property included in the agreement, but the value of which was found to have been *wilfully understated.* In such a situation, James promised to pay Virginia 50 percent of the difference between the understated, and the true, value. Such a wilful understatement of value by James, if found to have been made, would, at least debatably, amount to *fraud.*

---

[1]Code of Civil Procedure section 335: "The periods prescribed for the commencement of actions other than for the recovery of real property, are as follows:"

Code of Civil Procedure section 337: "Within four years: 1. An action upon any contract, obligation or liability founded upon an instrument in writing, . . ."

Code of Civil Procedure section 338:

"Within three years: . . . 4. An action for relief on the ground of fraud or mistake. The cause of action in such case not to be deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake."

On October 8, 1968, Virginia commenced an action numbered 212671 against James for "Breach of Contract." Its complaint alleged, among other things, that additional community property concealed by James was found to have existed at the time of execution of the agreement. It also alleged that he had "wilfully understated the values" of other community property assets. By such allegations, and others, Virginia stated a cause of action to enforce James' contractual promises to compensate her for such undisclosed, and wilfully undervalued, community property.

Thereafter the superior court sustained James' demurrer to Virginia's complaint, without leave to amend. The action was thereafter, on February 13, 1969, dismissed.

On September 29, 1970, Virginia commenced action numbered 244633 against James. This time the complaint was entitled "Complaint for Fraud," but along with allegations of fraud it also sounded in breach of contract as did the complaint of the previous action. A demurrer to the complaint was sustained without leave to amend, and the action was dismissed on December 9, 1970.

On April 17, 1972, yet another action was brought by Virginia against James. It was numbered 271643, and entitled: "Complaint to Set Aside Property Settlement Agreement and for Breach of Fiduciary Duties." Its purpose, and allegations, were substantially the same as those of its immediate predecessor actions numbered 212671 and 244633. This action, it will be noted, was filed more than three, but less than four, years after commencement of action 212671 in which Virginia first sought relief from the alleged nondisclosure and understatement of valuation of community property. James' demurrer to the complaint in this action was also sustained without leave to amend, and on May 9, 1972, an order of dismissal of the action was entered. Virginia appealed from that order of dismissal.

By an unpublished decision and opinion, which became final June 25, 1973, Division Four of this court concluded that the complaint of Virginia's action 271643 stated "a cause of action for extrinsic fraud warranting possible equitable relief," or that at least its complaint could be amended so to do. Holding that "the demurrer was improperly sustained without leave to amend," the appellate court ordered: "The judgment is reversed, with directions to the trial court to grant appellant a reasonable time within which to file an amended complaint." We

observe that the court did not restrict the nature of the amended complaint permitted to be filed.

Thereafter Virginia filed an amended complaint in action 271643, entitled: "Amended Complaint: To Set Aside Or Modify Divorce Judgment Provisions; and For An Accounting Of Community Assets; and For Breach of Fiduciary Duties." The gist of the action, seeking to enforce the promises of James in the "Property Settlement and Separation Agreement," remained unchanged. His demurrer being overruled, James filed an answer to the amended complaint. He thereafter commenced proceedings in the action for a summary judgment. The summary judgment was granted June 24, 1974, and the action was dismissed July 5, 1974, on the ground "that there is no triable issue as to the fact that the action is barred by the three year Statute of Limitations of Code of Civil Procedure Section 338(4) of this State."

The appeal presently before us is taken by Virginia from the summary judgment.

■ If Virginia's action 271643 was an "action for relief on the ground of fraud," the summary judgment was proper. For she must be deemed to have known of the facts constituting the "fraud" at the time of the filing of her first action for relief (action 212671), more than three years before commencement of the instant action 271643. (See fn. 1, *ante.*)

But as we have pointed out, a portion of Virginia's action simply rests upon James' contractual promise to pay her 50 percent of the value of community property not disclosed to her at the time of the agreement. That part of the action is patently not "for relief on the ground of fraud;" its purpose is to enforce the agreement, and the appropriate statute of limitations is four years, under Code of Civil Procedure section 337, subdivision 1. (See fn. 1, *ante.*) To this extent, at least, the entry of the summary judgment was erroneous.

We are brought to the remaining question, whether the action—as it seeks to enforce James' written agreement to pay Virginia 50 percent of the value of community property in excess of the value as allegedly wilfully understated by him—is for relief on "the ground of fraud," or is an action on a contract founded on an instrument in writing.

It is, of course, "the nature of the right sued upon and not the form of action nor the relief demanded [that] determines the applicability of the

statute of limitations under our code." (*Maguire* v. *Hibernia S. & L. Soc.*, 23 Cal.2d 719, 733 [146 P.2d 673, 151 A.L.R. 1062].)

The three-year limitation of Code of Civil Procedure section 338, subdivision 4, will apply when fraud is the *"gravamen"* of the action. (*Day* v. *Greene*, 59 Cal.2d 404, 411 [29 Cal.Rptr. 785, 380 P.2d 385, 94 A.L.R.2d 802].) "[T]he modern tendency is to look beyond the relief sought, and to view the matter from the basic cause of action giving rise to the plaintiff's right to relief." (*Leeper* v. *Beltrami*, 53 Cal.2d 195, 214 [1 Cal.Rptr. 12, 347 P.2d 12, 77 A.L.R.2d 803].)

In the case at bench, a fragment of Virginia's cause of action is, as we have said, at least debatably touched upon by fraud. But nevertheless, the action in its entirety is founded on an express written contract, under which James agreed to pay Virginia 50 percent of the value of any undisclosed community property or community property value. It must, in reason, be said that the gravamen of Virginia's action is an "obligation . . . founded upon an instrument in writing" (Code Civ. Proc., § 337, subd. 1), and not one founded on "fraud" (Code Civ. Proc., § 338, subd. 4).

To be sure some cases have held, where rights arising out of fraud and contract are blended, that the statute of limitations on an express contract begins to run upon "the discovery, by the aggrieved party, of the facts constituting the fraud," according to the three-year statute of Code of Civil Procedure section 338, subdivision 4. "[W]here an express contract was the subject of the action . . . the Supreme Court has held that fraud would toll the running of the statute on the cause of action for breach thereof . . . ." (*Acme Paper Co.* v. *Goffstein*, 125 Cal.App.2d 175, 179 [270 P.2d 505]; and see *Gregory* v. *Spieker*, 110 Cal. 150, 153 [42 P. 576]; *Souza & McCue Constr. Co.* v. *Superior Court*, 57 Cal.2d 508, 511 [20 Cal.Rptr. 634, 370 P.2d 338].) In those cases the otherwise applicable four-year statute was *extended* because of the fraud; no case has been brought to our attention, and we find none, where the four-year statute for an action on a written contract was *shortened* because of related fraud.

Other authority is of assistance to us.

Where title to one's property has been clouded by a judgment through the fraudulent act of another, in an action against that other, "the *gravamen* of the action is that the judgment is a cloud upon [the] title"

(italics added); it is not the fraudulent act which placed it there. (See *Newport* v. *Hatton,* 195 Cal. 132, 144 [231 P. 987].) In an action to cancel conveyances having their inception in fraud, it was stated: " 'If fraud exists, it does so merely as a feature in the case, and not as a test of the true nature of the cause of action within the meaning of the statute [Code Civ. Proc., § 338, subd. 4].' " (*Goodnow* v. *Parker,* 112 Cal. 437, 445 [44 P. 738].) Where a loan of money, secured by a note and mortgage, was obtained by false representations, and the lender sued to recover, it was said: "This is not an action for relief upon the ground of fraud, within the meaning of subdivision 4 of section 338 of the Code of Civil Procedure, which gives to a party aggrieved three years after the discovery of the facts constituting the fraud within which to bring an action to obtain relief therefrom; but it is substantially one to compel the payment of the indebtedness which is evidenced by the note and mortgage . . . ." (*Clausen* v. *Meister,* 93 Cal. 555, 557 [29 P. 232].) In *Kornbau* v. *Evans,* 66 Cal.App.2d 677 [152 P.2d 651], a single cause of action was pleaded both in fraud, and as a breach of a continuing trust. The court treated the entire action as based on the breach of trust, stating (p. 686): "In view of the conclusion that we have come to, that the statute had not run on the cause of action for breach of the oral continuing trust, it is not necessary to determine whether the cause of action for fraud was barred. [¶] This disposition of the case also disposes of appellant's contention that his demurrer based on subdivision 4 of section 338 of the Code of Civil Procedure should have been sustained. Such argument would only be pertinent if the cause of action was based on fraud." And in *People* v. *Kings Co. Development Co.,* 177 Cal. 529, 535 [171 P. 102], the court stated: "It has been held in a number of cases that an action by a private person to recover real property, based upon allegations that the title was procured to be conveyed by such person by means of fraud, though an action seeking relief on the ground of fraud, is nevertheless an action for the recovery of real property and is not barred by the period of three years fixed by section 338, but by the five-year period fixed by section 318."

From all of the foregoing we conclude that the gravamen of Virginia's action is the enforcement of the parties' written agreement of July 30, 1968, and that she has pleaded, although in a manner subject to improvement, a cause of action therefor. Since the four-year statute of limitations of Code of Civil Procedure section 337, subdivision 1, is applicable to such an action, it follows that the summary judgment was erroneously entered.

The summary judgment is reversed. The cause is remanded to the superior court for further proceedings not inconsistent with what we have said; plaintiff Virginia San Filippo will be permitted to further amend her complaint, if she shall be so advised.

Molinari, P. J., and Lazarus, J.,* concurred.

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.