ROSALA M. DOYLE, Plaintiff, v. MAMIE EMERSON and C. P. EMERSON, Defendants.

**Conveyances:** COVENANTS AGAINST INCUMBRANCE: BREACH: PLEADING AND PROOF. In this action for breach of covenant against incumbrances it was alleged in the answer that the grantee accepted the deed with knowledge of the incumbrance and had assumed the same; but as the agreement to assume rested wholly in parol evidence thereof was inadmissible in the absence of a plea of mistake and a prayer for reformation of the deed.

**Same:** KNOWLEDGE OF INCUMBRANCE. Knowledge of an incumbrance by the grantee is not a defense to an action for breach of warranty against incumbrances.

Covenants against incumbrance: BREACH: REDEMPTION FROM TAX
3 SALE. In this action the husband bought outstanding tax sale
certificates against land owned by his wife and held the same,
in no manner treating the purchase as a redemption. Thereafter
both he and his wife conveyed the land with covenants against
incumbrance, and it is held that the certificates were an incum-
brance rendering their remote grantees liable on their covenants,
and which they were justified in redeeming.

*Appeal from Linn District Court.*—HON. F. O. ELLISON,
Judge.

TUESDAY, JANUARY 11, 1910.

THIS is an action for damages for an alleged breach
of covenant of a warranty deed. There was a verdict and
judgment for plaintiff, and defendants appeal.—*Affirmed.*

*Thompson & Son,* for appellants.

*Jos. Mekota* and *Carroll Bros.,* for appellee.

EVANS, J.—The defendants are wife and husband.
On August 10, 1905, they conveyed by warranty deed cer-
tain lots in Cedar Rapids to John L. Doyle. The deed
contained full covenants of warranty, including a warranty
that the premises were free from incumbrance. In Feb-
ruary, 1906, the grantee Doyle died testate, leaving his
widow, the plaintiff herein, as his sole devisee. At the
time of the conveyance in question, the premises conveyed
were subject to a lien for paving taxes to become due in
equal annual installments extending over a period of five
or six years. The plaintiff paid these paving taxes and
brought this action to recover the amount thereof from the
defendants on their covenants. The answer filed by the de-
fendants averred that the grantee, Doyle, had "assumed
and agreed to pay" the paving tax in question, "and that
the deed was accepted by him with full knowledge of the

tax." It was not averred whether the agreement was in writing or not, nor was the answer attacked either by motion or demurrer. The case came to trial before the court and a jury.

I. Appellant's argument does not advise us of the specific errors complained of. The instructions of the court are not set forth in the abstract. There do not appear to have been any rulings on the evidence adverse to the appellants. The argument is devoted to the merits of the case as a whole. The evidence is undisputed as to the amount of the paving taxes against the property. It is also undisputed that they were a lien upon the property at the time of the execution of the deed, and at the time of the execution of the contract preceding the deed. Appellants plead such preliminary contract and set it forth in their answer. But such contract expressly provides that the property shall be "clear of incumbrance, with taxes for 1904 to be fully paid." This contract therefore avails the defendants nothing in support of their defense. The alleged agreement, if any, of Doyle to assume the payment of such paving taxes, rested wholly in parol. It was not available to the defendants in this action under the issues as made. If such was the real agreement between the parties in pursuance of which the deed was executed, then there was a mistake in the deed and contract. The defendants did not plead such mistake. They could have pleaded the same as an equitable defense or cross-bill. Section 3566 of the Code. They could have asked a reformation of the deed by cross-bill, and would have been entitled to a trial of such issue before a trial of the issues at law. *Byers v. Rodabaugh,* 17 Iowa, 53. They could also have brought an independent action in equity to reform the deed if they had chosen to do so. They did nothing of this kind, doubtless for the sufficient reason that the evidence available to them was insufficient to establish their claim. The

*Marginal note:* 1. CONVEYANCES: covenants against incumbrance: breach: pleading and proof.

only evidence exhibited on the trial was a carbon copy of a letter purporting to have been written by C. P. Emerson to grantee, Doyle, on August 28, 1905. This letter would indicate the writer's understanding and claim at that time that Doyle was to pay the installments of paving tax falling due in the future. A letter from Doyle dated August 31st makes no reference to the subject. If this letter was the answer to Emerson's letter, an inference of acquiescence might be drawn. The value of this evidence, standing alone, is not very great, although it might have been very important as corroborating evidence. Doyle being dead, the Emersons were precluded from testifying. One Mather acted as agent and attorney for both parties in the transaction. But he also died before the trial. Appellants' contention is left, therefore, without any support in the evidence.

It is argued that the burden was upon the plaintiff to show misrepresentation and deceit on the part of the grantors; but there is no merit whatever in this claim. The covenant in the deed against incum-

2. SAME:
knowledge of incumbrance.

brances was broken as soon as made, and it was not material that the grantee had notice of such incumbrance when he purchased. *Harwood v. Lee,* 85 Iowa, 622; *Yancey v. Tatlock,* 93 Iowa, 386. Under the evidence in this record the plaintiff appellee was entitled to a directed verdict so far as these paving taxes were concerned. The court saw fit, however, to submit the question to the jury, and the appellants have no ground to complain on that score.

II. In 1899 the premises in question were sold at tax sale for the taxes of 1898 to one Heins. The tax pur-

3. COVENANTS AGAINST IN-
CUMBRANCE:
breach:
redemption
from tax sale.

chaser, under his certificate, paid the taxes for 1899, 1900 and 1901. The tax sale certificates were apparently outstanding against the premises. The plaintiff, after acquiring the premises, sold the same, and, in order to make a good

title, made redemption at the auditor's office from such tax sale by paying in the amount necessary to redeem, as computed by the auditor. The amount so paid is included in her claim in this action. As against this part of the claim, the defendant, C. P. Emerson, claims that in May, 1902, he purchased the tax certificates from Heins, and paid him therefor and that he has held them ever since. Such fact seems to be undisputed. Appellants' contention is that such purchase amounted to a redemption. We infer from the record that the title to the premises was in the defendant Mamie Emerson. Whether the mere purchase of the tax certificate by the husband would operate as a redemption where the legal title was in the wife, we will not now determine. It does not appear that in this case Emerson treated his purchase as a redemption, nor that he surrendered the purchased certificate either to his wife, or to the auditor, nor that he brought the matter to the attention of the auditor in any way. So far, therefore, as third parties were concerned, there was an outstanding lien apparently valid against the premises which they could not ignore. That the plaintiff discharged such lien in good faith without any knowledge of the ownership of the certificate by Emerson is not put in question. It seems to us, therefore, that the defendants are in no position to complain as against the plaintiff. If they hold the certificates by purchase, they are undoubtedly entitled to receive the redemption money from the hands of the auditor. If there is any reason why such a course will not fully protect the defendants in that regard, it does not appear in this record. Not only do we find no error in the record, but we see no way whereby a different result could have been properly reached upon the evidence introduced, and upon the issues as made.

The judgment below must therefore be *affirmed*.