WILLIAM HORN and BRIDGET SCOTT, Administratrix of the Estate of JOHN SCOTT, Deceased, Appellees, v. C. C. PHILLIPS and P. M. PHILLIPS, Appellants.

Conveyances: DEFICIENCY IN ACREAGE: RECOVERY OF ITS VALUE. Where
1  land was conveyed by warranty deed as containing a certain number of acres, the purchaser can recover on the covenants of warranty for a material shortage, regardless of the fact that a previous contract and bond for a deed did not contain the acreage.

Same: DEFICIENCY IN ACREAGE: KNOWLEDGE OF GRANTEE: RECOVERY.
2  The fact that a purchaser of land knew that the tract did not contain the number of acres recited in the deed is not available to the vendor, as a defense to an action on the covenants of warranty for the value of the shortage.

Same: REFORMATION OF INSTRUMENTS: FRAUD. Where the vendor of
3  land represented that the tract contained a certain number of acres and the contract should have so stated, and a false representation of the purchaser that the contract did so state, and as a result the acreage was stated in the deed subsequently made, did not entitle the vendor to a reformation of the deed in that respect; especially as there was no showing that the purchaser was aware of his wrong statement before the deed was executed.

Same: DEFICIENCY IN ACREAGE: RECOVERY: MEASURE OF DAMAGES. In
4  an action to recover for a material shortage in the acreage of land

conveyed, the measure of damages is the value of the shortage at the rate per acre which the total price bore to the number of acres represented to be in the tract.

*Appeal from Appanoose District Court.*—HON. D. M. ANDERSON, Judge.

THURSDAY, OCTOBER 22, 1914.

ACTION to recover damages for a breach of the covenants of warranty in a deed executed by defendants to plaintiff William Horn, and one John Scott, now deceased, due to a shortage in the number of acres of land conveyed. Various issues were tendered by the pleadings which will be referred to in the body of the opinion, and upon these issues the case was tried to the court, resulting in a judgment for the plaintiffs, and defendants appeal.—*Affirmed.*

*H. E. Valentine,* for appellants.

*C. A. Baker,* for appellees.

DEEMER, J.—On March 11, 1908, defendants executed a bond for a deed in which they agreed to convey to plaintiff William Horn and one John Scott, now deceased, who is here represented by his administratrix, a tract of land described as "the west two-fifth (⅖) of the east half of the southwest quarter of section one, except that part lying north of Walnut creek," and the coal underlying the land. On January 13, 1909, another contract was made between them for the sale of this property, with other property which had been misdescribed. In neither the bond nor the contract was any mention made of the number of acres.

In compliance with the contracts, defendants, on the 12th day of June, 1911, executed and delivered to the purchasers a warranty deed which contained the following description of the premises:

.The west two-fifths (⅖) of the east half of the south-west quarter of section one (1), except that part lying north of Walnut creek, in township sixty-nine (69) of range eighteen (18), west of the fifth P. M., in Appanoose county, Iowa, twenty-five acres more or less. Also the coal underlying the following: Beginning on the section line twelve chains and fifty links west from the quarter section post between section twelve and one, running thence west five chains; thence south forty chains; thence east five chains; thence north forty chains to place of beginning, being a part of the northwest quarter of section twelve, township sixty-nine north of range eighteen west of the 5th P. M., in Appanoose county, Iowa, twenty acres more or less.

Plaintiffs claim that the tract contained but eighteen, instead of twenty-five acres, and they ask damages for the shortage in the land. Defendants admitted the execution of the deed, but pleaded that the words "twenty-five acres more or less" were inserted therein by mutual mistake, and were the result of false and fraudulent representations made by the purchasers, and they asked that the deed be reformed by striking out the quoted words. On defendants' motion the cause was transferred to the equity calendar, and thereafter plaintiffs filed an amendment to their pleading in which they alleged that, by mutual mistake of the parties, the number of acres of the land contracted to be sold was omitted from the title bond and the subsequent correction contract, and asked that these be reformed so as to show that the sale was of a given number of acres. They also pleaded that defendants falsely and fraudulently, and with intent to deceive, represented and stated that the tract they were selling contained twenty-five (25) acres, and that the sale was made on that basis.

On these issues the case was tried, and the trial court filed an opinion, from which we extract the following:

In the negotiations for the purchase John Scott took the more active part on the part of the purchasers. He died prior to the trial of the case, and, as a consequence, considerable

of the evidence as to conversations and transactions with him was incompetent. There is the competent testimony of the disinterested witness Hirshberg that one of the defendants told him that they had sold Scott twenty-five acres of land. Subsequent statements of both defendants tend strongly to corroborate this testimony that the sale was of twenty-five acres and at a price of $72 an acre. This evidence comes down to and even subsequent to the making of the deed. There was but thirty-two acres in the tract that belonged to the Phillips. Of this their father sold the part north of Walnut creek, and it was specified in the deed as being twelve acres. This would leave them at most twenty acres south of the creek. This was given in by the defendants to the assessor as twenty acres, so that they knew that they could not convey more than that many acres, and when they said they had sold Scott twenty-five acres, and afterwards that there had to be that many acres there, they knew that they had sold at least five acres more than they could have under any circumstances. It was evidently a mutual mistake of the parties that the words 'twenty-five acres more or less,' was omitted from the contract as written. Defendants may have thought that 'more or less' would cover the discrepancy. If the shortage was trivial, no recovery could be had, even when sold by the acre. But if the shortage is substantial, being, as here, more than one-fifth, then the purchaser is entitled to a rebate on the purchase price. The defendants contend that the plaintiffs knew before they accepted the deed that there was but eighteen and forty-four one-hundredths acres in the tract, and that they waived the breach. Their contract, as already found, called for twenty-five acres, they had paid the purchase price, and, by accepting the deed with the number of acres specified, they would not waive their contract, but would rather fortify it with the warranties. Horn may have stated that the contract called for 'twenty-five acres more or less,' and if he referred to the written bond he was mistaken, but if he referred to the contract as made he was right, and was entitled to a deed accordingly, and this was not questioned by defendants at the time. Plaintiffs paid for six and fifty-four one-hundredths acres of land that they did not get, and they are entitled to recover the price paid, $470.88, with 6 per cent. per annum interest from June 14, 1911, and costs of suit.

The result was a judgment for the plaintiffs for the amount of damages thus ascertained.

Appellants' chief contention is that the trial court was in error in its finding of facts, and that the judgment is not supported by the quantity of testimony required. The diffi-

1. CONVEYANCES: deficiency in acreage; recovery of its value.
culty here is that appellants are asking a reformation of their deed by striking out certain words as having been inserted by mistake, and as a result of fraud and false representations, and the rule on which they rely is as much applicable to their case as to that made for the plaintiffs. It was not necessary for plaintiffs to have a reformation of their bond and contract, for, under our rule, the insertion of the number of acres in the deed was adequate for their protection as against so large a shortage in acreage as is here shown. *Hosleton v. Dickinson,* 51 Iowa, 244; *Boddy v. Henry,* 126 Iowa, 31; *Sweezey v. Collins,* 40 Iowa, 540.

Moreover, there was sufficient testimony to establish fraud and misrepresentation in the sale of the land, even if the action should fail in so far as bottomed upon the covenants in

2. SAME: deficiency in acreage; knowledge of grantee: recovery.
the deed. It is said that plaintiffs knew of the shortage before they received their deed; but this will not avail defendants in an action bottomed upon breach of warranty. Such knowledge may have been the very reason for insisting upon a statement in the deed as to the number of acres. *Van Wagner v. Van Nostrand,* 19 Iowa, 422; *McGowen v. Meyers,* 60 Iowa, 256; *Barlow v. McKinley,* 24 Iowa, 69; *Doyle v. Emerson,* 145 Iowa, 358; *Newburn v. Lucas,* 126 Iowa, 85.

The fraud relied upon by defendant is an alleged statement by the purchasers, or one of them, that the contract or bond, or both, contained statements as to the number of acres

3. SAME: reformation of instruments: fraud.
in the tract, which was untrue in fact. We are inclined to believe that this representation was made, and it appears that there was no mention of the number of acres in the tract in either the bond

or the contract. But it sufficiently appears that defendants represented that the tract contained twenty-five acres, and the sale was on that basis. Indeed, there was enough testimony to show that, if the bond did not contain this statement, it should have done so, and there is no testimony that either of the plaintiffs were aware before the execution of the deed that neither the bond nor contract made any reference to the number of acres.

Although the sale may not have been made by the acre, as contended by appellants, nevertheless there was a material shortage in the number of acres, and the trial court did not

4. SAME: deficiency in acreage: recovery: measure of damages.

err in valuing this shortage at the rate per acre which the total price bore to the number of acres which were represented to be in the tract. In no other way could the value of the shortage be fixed, for no one can tell what the character of the land making up the shortage. In such cases the rule followed by the trial court is the correct one.

Our conclusions on the whole case find support in *Lane v. Parsons,* 108 Iowa, 241; *McDunn v. City,* 39 Iowa, 286; *Mischke v. Baughn,* 52 Iowa, 528.

The decree of the trial court seems to be correct, and it must be, and it is—*Affirmed.*

LADD, C. J., and GAYNOR and WITHROW, JJ., concur.