MARTHA E. ACORD, Appellant, v. C. W. MITCHELL, Appellee.

**Real property:** CONTRACT OF SALE: CONSIDERATION: EVIDENCE. Where
1    a deed in consumation of a contract of sale of land fails to show whether the sale was in gross or by the acre, the original contract of sale is admissible in explanation of the nature of the transaction. The memoranda of sale in the instant case stated that the land was subject to a mortgage, that a certain sum had been paid and that the balance was to be paid at a stated time, the price to be a certain sum per acre, was evidence that the tract was sold by the acre and not in gross.

**Same:** SALE BY THE ACRE: EVIDENCE. Where a purchaser's attorney
2    was provided with funds to pay the purchase price of land at a stipulated price per acre and for less than the full government subdivision, his promise to pay the difference in acreage if all payments made had been credited and the claimed difference was correct, was not an unconditional promise to pay the sum claimed, regardless of the acreage in the tract.

**Same:** ACREAGE: EVIDENCE. Certificates from the general land office
3    and from the surveyor general's office are admissible to show the number of acres in a tract of land.

*Appeal from Fremont District Court.*—HON. O. D. WHEELER, Judge.

TUESDAY, DECEMBER 15, 1914.

ACTION at law to recover a balance claimed to be due on the purchase price of a certain tract of land, sold by plaintiff

to defendant. Trial to the court without a jury. Judgment for defendant, and plaintiff appeals.—*Affirmed.*

*C. E. Smith* and *William Eaton,* for appellant.

*Tinley, Mitchell & Thornell,* for appellee.

DEEMER, J.—On October 2nd, 1909, plaintiff, who was then the owner of a tract of land in Spink county, S. D., entered into a written contract with defendant to sell it to him on the following, among other, terms and conditions:

The land subject to a mortgage of $2,000, five hundred dollars ($500) in hand paid, receipt of which is hereby acknowledged, and the balance due to be paid March 1, 1910; the price of the land fifty-two dollars and fifty cents ($52.50) per acre. The said Martha E. Acord furnishing a good and sufficient abstract of title and conveying by warranty deed. Taxes for the year 1909 to be paid by the said Martha E. Acord. Possession to be given March 1, 1910.
Dated October 2, 1909.

Time of payment was by oral agreement extended, and the plaintiff, with her attorney, met the defendant's attorney at the latter's office in Council Bluffs, Iowa, to close the deal. The original contract was not taken to this meeting place, but defendant had sent to his attorney drafts for $2,050 and a $1,900 note, secured by mortgage upon the land. At this meeting plaintiff insisted that defendant was to pay her $8,400 for the land, and it also appears that defendant had not sent enough money to pay for the land on that basis. His attorney did not have the contract, and refused to give his check for the $158, which it was claimed was necessary to make up the purchase price. In lieu thereof he did, however, give to plaintiff the following written statement or agreement:

This is to show that C. W. Mitchell owes Mrs. Acord $158, provided the interest is figured correctly, on a land contract, Sec. 4—117—63, Spink county, South Dakota, and

if all credits have been given C. W. Mitchell for payments made, and if same is correct, C. W. Mitchell to pay balance due Mrs. Acard of $158 at once.

                    [Signed]     C. W. Mitchell,
Jan. 1, 1912.                  By W. E. Mitchell.

A deed was then executed to the defendant for the land, which contained the following, among other, recitals:

The said party of the first part, for and in consideration of the sum of eight thousand four hundred dollars ($8,400) to her in hand paid by the said party of the second part, the receipt whereof is hereby acknowledged, has granted, bargained, sold, and conveyed, and by these presents do grant, bargain, sell, and convey, unto the said party of the second part, and to his heirs and assigns, forever, all that certain piece or parcel of land situated in the county of Spink, and state of South Dakota, described as follows, to wit: Lots three (3) and four (4) and the south one-half ($\frac{1}{2}$) of the N. W. quarter ($\frac{1}{4}$) of section four (4), in township one hundred and seventeen (117) north, of range sixty-three (63) west of the fifth (5) P. M. The said tract containing one hundred fifty-six and ninety-two hundredths (156.92) acres, more or less, according to the United States government survey thereof. . . . The same are free from all incumbrances whatsoever, excepting one mortgage of two thousand dollars ($2,000) to H. E. Garber by Martha E. Acord.

Thereafter plaintiff made draft on defendant for the $158, and payment was refused. This action followed to recover that amount as the balance due on the purchase price, and upon the written statement of date January 1, 1912. Defendant alleged that he purchased the land by the acre at the agreed price of $52.50 per acre, and that he received but 156.92 acres, there being a shortage in the tract, and that he has paid the full purchase price. He further alleged that the written statement of January 1, 1912, was a mere estimate, and not a promise to pay, and that in any event it was based upon a mistake as to the terms of the original contract and as to the number of acres in the tract; it being assumed by

defendant's attorney that the land was purchased at the rate of $52.50 per acre, and that there were in full one hundred and sixty acres in the tract as the government subdivision would indicate.

Plaintiff makes two contentions, as we understand it: First, that the sale was in gross for the sum of $8,400; second, that, if by the acre, the presumption that there was one hundred and sixty acres in the tract has not been overcome, and that the agreed compensation was $8,400. Involved more or less in each proposition are questions as to the admissibility of testimony. Plaintiff made objection to the introduction of the original contract, because merged in the subsequent written statement and deed, and to certain certificates, from the surveyor general for the district of South Dakota and from the General Land Office at Washington, showing the number of acres in the tract sold. Neither objection is tenable. It was quite material to show whether the sale was in gross or by the acre, and this the deed did not show; or, if it did, it was in accord with defendant's contention, for it stated there were 156.92 acres, more or less.

*1. REAL PROPERTY: contract of sale: consideration: evidence.*

The real nature of the sale, then, could be shown by the original contract. It is true that the original contract stated there were one hundred and sixty acres in the tract, but it also shows a sale by the acre. If, then, the acreage was as stated in the deed, plaintiff cannot recover, unless it be that the paper of January 1, 1912, constitutes in itself an express promise to pay, and this paper was not executed by mistake. This statement or agreement shows that it was a mere estimate—an I. O. U. upon certain conditions. The action is at law, and the trial court found that the statement of January 1, 1912, was an estimate based upon statements made to the attorney for defendant, by plaintiff and her attorney, all assuming that there were one hundred and sixty acres in the tract, whereas there were but one hundred and fifty-two and a fraction, and that

*2. SAME: sale by the acre: evidence.*

plaintiff and her attorney stated the consideration was to be $8,400. As a matter of fact, and as now conceded, there were but one hundred and fifty-two and ninety-two one-hundredths acres in the tract.

The certificates from the land office and from the surveyor general's office were admissible in evidence. Code, sections 4635, 4646; *Shorthill v. Ferguson*, 44 Iowa, 249; *Chicago, B. & Q. R. R. v. Lewis*, 53 Iowa, 101; *Bellows v. Todd*, 34 Iowa, 18, 26.

3. SAME: acreage: evidence.

No error appears, and the judgment must be, and it is,—
*Affirmed.*

LADD, C. J., and GAYNOR and WITHROW, JJ., concur.