SOLOMON WEEKLY, Appellee, v. HARRY T. YOST, Appellant.

**VENDOR AND PURCHASER:** Mutual Mistake in Acreage.  Mutual
mistake in the acreage of land bought at an agreed price per
acre gives right to a *pro tanto* reduction in price, or to a *pro
tanto* return, if the price is paid before discovery of the
mistake.

*Appeal from Decatur District Court.*—THOMAS L. MAX-
WELL, Judge.

JULY 6, 1920.

SUIT in equity to reform a contract of purchase of real
estate, and to recover from the seller the excess purchase
price paid therefor by the purchaser by the mutual mistake
of the parties.  This excess payment arose out of a shortage
of acreage in the tract purchased.  There was a decree for
the plaintiff, and the defendant has appealed.—*Affirmed.*

*McGinnis & McGinnis,* for appellant.

*B. M. Russell* and *Baker & Parrish,* for appellee.

EVANS, J.—In November, 1911, the plaintiff purchased,
by written contract, from the defendant a certain farm, de-
scribed in the contract as containing "200 acres more or
less."  The consideration named was $21,500.  The farm
contained, in fact, only 192.55 acres, leaving a shortage of
7.45 acres.  This fact being discovered by the plaintiff some
time after the purchase, he brought this suit to recover the
excess amount paid.

It is the contention of plaintiff that the price agreed
upon, preliminary to the contract of sale, was $107.50 per
acre; whereas it is the contention of the defendant that a

lump sum of $21,500 was agreed on, without any regard to price per acre. This presents the only issue of fact or law involved in the case.

The farm involved is located in Decatur County. The plaintiff was a resident of Keokuk County. He had no prior acquaintance with the farm or with the defendant. The defendant had listed the farm for sale with land agents, who advertised the same as a "200-acre" farm, for sale at $110 per acre. This advertisement came to the notice of the plaintiff, and brought him in contact with the agents. This advertisement was a clear representation that the farm contained 200 acres, and that its value was predicated upon its acreage. This is not a case of inaccuracy in the government survey: that is to say, it is not a case where the government subdivisions fall short of their purported area by actual measurements. This farm had formerly contained 200 acres, but small tracts had been sold therefrom, so as to reduce its acreage to the number above indicated. The defendant himself had owned the farm only one year. He himself believed it contained 200 acres. His land agents believed to the same effect. The trial court found that the parties were mutually mistaken. From such finding there is little escape, upon this record. The really disputed question is whether the parties had agreed upon $107.50 as a price per acre. On this question, the evidence is in conflict. The circumstances are all corroborative of the plaintiff's contention. So far as appears, the land was of uniform quality, and one acre thereof was as valuable as another. It is not a case where a farm includes valuable, tillable lands on the one hand, and nontillable lands, of little value, on the other hand. In such a case, the value of the farm would be predicated largely upon the valuable land contained therein, rather than upon its whole area. In such a case, the fact that a lump sum was agreed upon could be found more readily than otherwise.

The advertisement to which the plaintiff responded fixed an acre valuation in express terms at $110. Later, a reduction of $500 from the total purchase price was agreed to

by the seller. If the plaintiff had accepted the advertised offer to sell at $110 per acre, he would have been required to pay, upon the actual acreage, only $21,175. However, he paid $325 more than such amount, after receiving a supposed reduction of $500.

A careful examination of the record satisfies us that the finding and conclusions of the trial court were fully justified. *Fisher v. Trumbauer & Smith,* 160 Iowa 255; *Gardner v. Kiburz,* 184 Iowa 1268. The decree is, therefore,— *Affirmed.*

WEAVER, C. J., PRESTON and SALINGER, JJ., concur.