A. VAN DRIMMELEN, Appellee, v. R. C. CONVERSE, Appellant.

**FRAUDS, STATUTE OF:** What Constitutes Delivery. Delivery of personal property sufficient to take a sale out of the statute of frauds does not imply *a physical change of location.* A delivery may be found from a sale, with direction by the seller that the buyer must immediately remove the property, and the buyer's promise so to do—all with the intent that title shall pass at the time of such agreement. Instructions held correct.

**APPEAL AND ERROR:** Harmless Error—Unjustifiable Chance for Verdict. A litigant may not complain of an error which gave him an unjustifiable chance for a verdict. So held where the court submitted to the jury the question whether there had been a delivery of property sold, when the court might justifiably have assumed that there had been a delivery.

*Appeal from Marion District Court.—J. H. APPLEGATE, Judge.*

MARCH 8, 1921.

ACTION at law to recover the value of 765 bushels of corn sold by plaintiff to defendant, and destroyed by fire on plaintiff's premises prior to removal by the purchaser. Verdict of jury, finding for the plaintiff. Defendant appeals.—*Affirmed.*

*Vander Ploeg & Johnson,* for appellant.

*W. H. Lyon* and *J. E. Cross,* for appellee.

DE GRAFF, J.—On the 15th· day of April, 1918, plaintiff offered for sale at public auction 765 bushels of corn, located on his farm in Marion County, Iowa. The defendant was the highest bidder, at $1.31 per bushel. The corn was to be paid for according to the terms of the sale, cash or note, the terms being announced when the sale commenced. Furthermore, it was sold to the highest bidder "at weight," and the purchaser was to haul it away. Plaintiff testified:

"Mr. Converse came to me, after he had bought the corn, and asked me if he could leave it there. I told him 'no,' to get it right away, as there was another man coming on the place, and I did not know who he was going to be. He said, 'I have a truck anyhow, and as soon as it dries up,'—it was raining that day,—'it will only take me a couple of days to haul it off.' "

Probably as a result of burning some brush in close proximity to the corncribs, the fire was communicated to the cribs, resulting in a loss of the corn.

Appellant relies upon the following assigned errors for reversal: (1) There was no sufficient delivery of the corn in question to satisfy the statute of frauds. (2) There was no sufficient delivery of the corn in question to pass title to the purchaser. (3) That the court should not have submitted to the jury the question in issue. (4) That Instruction No. 7 was erroneous.

I. *Was the delivery sufficient to comply with the requirements of the statute of frauds?*

The statute provides:

"Except when otherwise specially provided, no evidence of the following enumerated contracts is competent, unless it be in writing and signed by the party charged or by his authorized agent: 1. Those in relation to the sale of personal property, when no part of the property is delivered and no part of the price is paid." Code Section 4625.

1, FRAUDS, STATUTE OF: what constitutes delivery.

The statute of frauds is a rule of evidence. It does not

-void the contract, but simply makes it nonprovable upon the trial, if the party seeking to avoid its terms interposes proper objections when it is sought by the adverse party to offer its terms and provisions in evidence.

In cases of this character, both parties must intend to transfer the title, and the vendor must surrender and the purchaser must accept complete dominion and control over the subject-matter of the sale. The trial court so instructed. True, the corn was not weighed, but the defendant purchaser was to haul it away. The intent is the ultimate test; and under the evidence, it is reasonable to conclude that the vendor surrendered dominion over the corn, and the vendee understood that he, then and there, had possession thereof, and was to remove same from the premises as soon as possible.

The act in the instant case constitutes a constructive delivery, since the subject-matter of the verbal agreement for sale is pointed out to the purchaser, and he is given authority to take it when he wishes. Under such circumstances, there is a compliance with the statute. *Brown v. Wade,* 42 Iowa 647; *Smith & Son v. Bloom,* 159 Iowa 592; *Cable Co. v. Miller,* 162 Iowa 351; *Allen v. Elmore,* 121 Iowa 241; *Harris v. Beebe,* 144 Iowa 735.

In *Welch v. Spies,* 103 Iowa 389, a crib of corn was placed at the disposal of the purchaser after a verbal sale, and the vendor had agreed to shell part of the corn and haul it to a place designated by the purchaser. It is held that the title passed to the purchaser, and that it was his loss when the corn burned.

Delivery does not imply a physical change of location, but is to be determined by the intent of the parties at the time of the sale to transfer to the vendee the dominion and control over the thing purchased.

II. *Was the court in error in submitting to the jury the question of the sufficiency of the delivery for the purpose of passing title and the satisfying of the provision of the statute of frauds?*

The question of intent is always a fact question. 38 Cyc. 1525. The intent may be established by direct or circumstantial evidence, or both. It is the province of the jury to draw infer-

ences from the facts in evidence. Even though the trial court

2. APPEAL AND
ERROR: harmless
error: unjustifi-
able chance for
verdict.

was justified in directing a verdict for the plaintiff, the defendant in this case is not in a position to claim prejudicial error, for the reason that the court gave him another chance by submitting the question to the jury. The evidence warranted the finding of the jury, and therefore no prejudice results. See *Doyle v. Emerson,* 145 Iowa 358.

III.  *Were the instructions erroneous?*

The court, in substance, instructed the jury that it is not claimed by plaintiff that any part of the purchase price was paid by the defendant, but it is claimed by the plaintiff that the

3. FRAUDS, STATUTE
OF: what con-
stitutes delivery.

corn in question was delivered, so far as it could be delivered to the defendant, and that, if there was nothing more to be done by the plaintiff before the defendant could take said corn and remove same from plaintiff's farm, then there was a delivery: that is, if the plaintiff turned over the possession of said corn to the defendant as fully and completely as could be done without the actual removal of said corn from said premises, and if it was his purpose and intent, from what was said and done at the time, that the defendant should assume and exercise full control and dominion over the corn, and it was so understood by the defendant, then and in that event, the jury would be authorized to find that the possession of said corn was delivered by plaintiff to the defendant on the day of sale, and that such delivery took the oral contract out of the statute of frauds, and thereby became a valid and subsisting contract between the parties. The theory of the defendant was also stated in this instruction.

In Instruction No. 7, the jury was further told:

"If you fail to find from the preponderance of the evidence that the said corn was in fact delivered to the defendant at the time of the sale, then the defendant cannot be liable in this case, and your verdict should be for the defendant. The real question in this case is, Who was the owner of the corn in question at the time it was destroyed by fire? If you fail to find from the preponderance of the evidence that said corn was delivered to the defendant, then, as a matter of law, plaintiff was the owner of said corn at the time it was destroyed."

The instructions in this case must be read as a whole, and, upon so reading, the law as given by the court is plain and unambiguous, and contains a correct exposition of legal principles applicable to the facts.

We find no error in the record, and the judgment entered by the trial court is, therefore,—*Affirmed*.

EVANS, C. J., WEAVER and PRESTON, JJ., concur.