CHARLES BISHOP, Appellee, v. JOHN STARRETT, Appellant.

**SALES:** Parol Contract—Delivery—Intent—Evidence. The intent of the parties necessarily controls the issues (1) whether, in a parol contract of purchase, title passed on delivery, with a right to rescind if a trial proved unsatisfactory, or (2) whether title passed only after a satisfactory trial. Necessarily, what the parties said to each other at the time the contract was entered into is admissible.

Headnote 1:   35 Cyc. pp. 121, 277.

*Appeal from Jasper District Court.*—D. W. HAMILTON, Judge.

MARCH 9, 1926.

ACTION to recover the purchase price of certain agricultural implements alleged to have been sold to defendant. There was a directed verdict for plaintiff, and from a judgment thereon the defendant appeals.—*Reversed and remanded.*

*Hammer & Tripp,* for appellant.

*Cross & Hamill,* for appellee.

VERMILION, J.—The petition is in two counts. In the first, plaintiff, appellee, seeks to recover the contract price of a plow and tractor guide alleged to have been sold and delivered to appellant. In the second, damages were claimed for injury to a tractor while in possession of the appellant for trial. The answer is a general denial. At the close of the testimony, the plaintiff dismissed the second count of the petition. The court directed a verdict for the plaintiff on the first count, at the close of the testimony.

The claim of the appellee is that he sold and delivered the plow and tractor guide to appellant at an agreed price, and that there was a conditional sale of the tractor, subject to appellant's approval. He concedes that the tractor was returned, and since he has abandoned the claim for damage to it, it is not involved, except incidentally.

It is appellant's contention that there was no contract for the purchase of the plow and tractor guide separate from the tractor; that the "outfit," consisting of tractor, tractor guide, and plow, was sold conditionally, and subject to his approval after a trial, and that, upon a trial of them, the tractor was unsatisfactory, and he refused to accept any of them.

To sustain the action of the lower court in directing a verdict for appellee, it is contended that the testimony on behalf of appellant tended to establish a sale of the plow and guide, with a right only to rescind and return the articles if, on a trial, they were unsatisfactory, and that a rescission could not be shown under the general denial of the answer.

I. The contract was in parol. The court, upon objection, refused to permit appellant to testify to what appellee said about delivering the tractor, plow, and tractor guide upon approval, and sustained objection to an offer to prove by this witness that "the entire outfit, consisting of tractor, plow, and tractor guide, was delivered to his place on approval, and, in the event the same was not satisfactory, Mr. Bishop would come and get the tractor, plow, and guide."

The court struck out the testimony of appellant's son as to the conversation between appellee and appellant. The son had testified:

"Mr. Bishop said, 'I will bring the outfit out, and you may try it for a couple of months, and if it is not satisfactory, I will take it back;' and my father said, 'I will try it.'"

On cross-examination, he testified:

"We were to have the outfit to try out, and if it was not satisfactory, we could return it, and if it was satisfactory, Mr. Bishop was to take the team in at $450."

The court also refused to permit appellant to show that appellee stated, after he had taken the tractor back, that the plow

was at appellant's place, but he would have to get it in a few days.

These rulings were clearly erroneous. The appellant was thus deprived of the right to show what the contract was. The excluded testimony went to the two disputed questions of fact in the case: whether there was a single contract for the tractor, tractor guide, and plow; and whether the contract was one of a conditional sale, subject to approval of the articles, or a sale on delivery, with only a right to rescind if the articles proved unsatisfactory. The first was important, in view of appellee's admission that the tractor was delivered merely for a trial, and the second was determinative of the very rights of the parties. The claimed admission of the appellee went to both propositions.

II. The contract being in parol, what its terms were would clearly be a question for the jury, if the testimony was in conflict. Whether there was such a conflict without the excluded testimony we have no occasion to inquire; for, had it been admitted, it is plain that there would have been a dispute as to the terms of the contract, both on the question of whether there was a separate contract for the plow and tractor guide, and whether the contract was one of "sale and return,"—that is to say, a sale where the title passed on delivery, with a right to rescind if the articles were found on a trial to be unsatisfactory, —or was a conditional sale, where the title did not pass until the articles had been tried and found satisfactory. The question whether title passed on delivery, with a mere right to rescind if they proved unsatisfactory, or did not pass until they were found satisfactory upon a trial, depended upon the intent of the parties, to be determined from their words and conduct, as shown by the testimony. *Welch v. Spies*, 103 Iowa 389; *Wesco Supply Co. v. Incorporated Town of Allerton*, 156 Iowa 695; *Van Drimmelen v. Converse*, 190 Iowa 1350.

The judgment is reversed, and the cause remanded.—*Reversed and remanded.*

DE GRAFF, C. J., and STEVENS and FAVILLE, JJ., concur.